UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>         Plaintiff,<br>v.<br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>         Defendants. | Case No. 3:24-cv-00050-ART-CLB<br><br>ORDER DISMISSING AND CLOSING CASE |

   Pro se plaintiff Tyrone Noel Nunn, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and assigned NDOC #1252474, has filed over 70 pro se lawsuits in this district since July 2023.[1] Dozens of these lawsuits have been dismissed because Nunn failed to correct fundamental defects with them like filing a single, signed complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis* ("IFP"). Like many of his other lawsuits, Nunn initiated this action by filing a collection of documents that does not constitute a complaint, and he neither paid the $405 filing fee nor applied for IFP status. (ECF Nos. 1-1, 1). For the reasons discussed below, this action is dismissed without prejudice, and Nunn is cautioned that future similarly defective actions might be dismissed as frivolous.

I.  **DISCUSSION**

   District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

---

[1] The Court takes judicial notice of the online docket records of the U.S. Courts, which may be accessed by the public at: https://pacer.uscourts.gov.

1

1  comply with local rule requiring *pro se* plaintiffs to keep court apprised of
2  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
3  (dismissal for failure to comply with court order). In determining whether to
4  dismiss an action on one of these grounds, the Court must consider: (1) the
5  public's interest in expeditious resolution of litigation; (2) the Court's need to
6  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
7  favoring disposition of cases on their merits; and (5) the availability of less drastic
8  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
9  1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

10  The first two factors, the public's interest in expeditiously resolving this
11  litigation and the Court's interest in managing its docket, weigh in favor of
12  dismissal. The third factor, risk of prejudice to defendants, also weighs in favor
13  of dismissal because a presumption of injury arises from the occurrence of
14  unreasonable delay in filing a pleading ordered by the court or prosecuting an
15  action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
16  factor—the public policy favoring disposition of cases on their merits—is greatly
17  outweighed by the factors favoring dismissal.

18  The fifth factor requires the Court to consider whether less drastic
19  alternatives can be used to correct the party's failure that brought about the
20  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
21  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
22  the party has disobeyed a court order does not satisfy this factor); *accord*
23  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not
24  exhaust every sanction short of dismissal before finally dismissing a case, but
25  must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
26  F.2d 1421, 1424 (9th Cir. 1986). Nunn commenced this action with two
27  documents titled "Kitchen Counter," which appear to be a "business proposal"
28  and list of items that he wants the NDOC to provide in the commissary, and a

document titled "Reaberision [sic] of Repeal on the Stamp Act" that might be a request for the appointment of counsel. (ECF No. 1-1). None of these documents constitutes a complaint. And Nunn has neither paid the full $405 filing fee nor applied for IFP status in this action.

Because this action cannot realistically proceed until Nunn files a complaint and either pays the filing fee or applies for IFP status, the only alternative is to enter an order setting a deadline for Nunn to correct these fundamental defects. But courts in this district have entered numerous orders advising Nunn that he must file a single, signed complaint on the Court's approved form or with substantially all the information called for by that form and either payment of the filing fee or a complete IFP application if he wants to proceed with a lawsuit, and they dismissed his actions without prejudice when he failed to correct those defects. *See, e.g.*, *Nunn v. Ely State Prison State of Nevada*, Case No. 3:23-cv-00464-ART-CLB, at ECF Nos. 3, 4 (D. Nev.) (dismissed without prejudice for want of a complaint and addressing the matter of the filing fee); *Nunn v. District of Nevada*, Case No. 3:23-cv-00465-MMD-CLB, at ECF Nos. 3, 6, 7 (D. Nev.) (same); *Nunn v. Ely State Prison*, Case No. 3:23-cv-00492-LRH-CLB, at ECF Nos. 3, 6, 9 (D. Nev.) (same); *Nunn v. University Medical Center*, Case No. 3:23-cv-00496-LRH-CLB, at ECF Nos. 3, 6, 8 (D. Nev.) (same); *Nunn v. Ely State Prison*, Case No. 3:23-cv-00538-ART-CLB, at ECF Nos. 3, 7 (D. Nev.) (same); *Nunn v. Ely State Prison*, Case No. 3:23-cv-00540-MMD-CSD, at ECF Nos. 3, 7, 8 (D. Nev.) (same); *Nunn v. CERT Office*, Case No. 3:23-cv-00647-MMD-CLB, at ECF Nos. 3, 5, 8 (D. Nev.) (same); *Nunn v. District of Nevada,* 3:23-cv-00578-ART-CLB, at ECF Nos. 3, 7, 8 (D. Nev.) (same); *Nunn v. Carson City, Nevada*, Case No. 3:23-cv-00573-ART-CSD, at ECF Nos. 3, 7 (D. Nev.) (dismissed without prejudice for want of addressing the matter of the filing fee); *Nunn v. Clark County Detention,* Case No. 3:23-cv-00575-LRH-CLB, at ECF Nos. 4, 16 (D. Nev.) (same); *Nunn v. McDonald's,* Case No. 3:23-cv-00602-MMD-CLB, at ECF Nos. 3,

4, 5 (D. Nev.) (same); *Nunn v. Ely State Prison*, Case No. 3:23-cv-00582-RCJ-CSD, at ECF Nos. 5, 6 (D. Nev.) (same); *Nunn v. CERT Officers of Ely State Prison*, Case No. 3:23-cv-00571-ART-CLB, at ECF Nos. 5, 7, 9 (D. Nev.) (same). Many of the orders were entered in these cases before Nunn commenced this lawsuit. Considering Nunn's litigation history and the fact that he omitted both a complaint and either payment of the filing fee or an IFP application when he commenced this lawsuit, the Court finds that setting a deadline for Nunn to address those foundational matters is not a meaningful alternative. So the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Nunn's failure to file a complaint and address the matter of the filing fee. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

Nunn is cautioned that his future lawsuits might be dismissed with prejudice as frivolous if he continues omitting foundational documents like a proper complaint and a complete application to proceed *in forma pauperis*. Dismissal for frivolousness constitutes a strike under the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(g). Prisoners who amass three or more strikes under the PLRA may not bring a civil action or appeal under *in forma pauperis* status "unless the prisoner is under imminent danger of serious physical injury." *Id.*

DATED THIS 20th day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4